UNITED STATES DISTRICT COURT  
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.  **CV 22-8134-JFW(JEMx)**                                              Date: November 14, 2022

Title:      Mikel Hoorizadeh -v- Salome R. Davis, et al.

**PRESENT:**

   **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

   Shannon Reilly                                         None Present
   Courtroom Deputy                                  Court Reporter

**ATTORNEYS PRESENT FOR PLAINTIFFS:**            **ATTORNEYS PRESENT FOR DEFENDANTS:**
                  None                                                              None

**PROCEEDINGS (IN CHAMBERS):**     ORDER REMANDING ACTION TO LOS ANGELES SUPERIOR COURT

On January 19, 2022, Plaintiff Mikel Hoorizadeh ("Plaintiff") filed a Complaint for Unlawful Detainer against Defendant Salome R. Davis ("Davis") in Los Angeles Superior Court. On October 3, 2022, the Honorable Victor G. Viramontes of the Los Angeles Superior Court granted Shakina A. Yearwood's ("Yearwood") Claim of Right to Possession, and deemed the Complaint amended to include Yearwood as a defendant. On November 7, 2022, Yearwood filed a Notice of Removal, alleging that this Court has jurisdiction.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted). There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears. *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990). As the party invoking federal jurisdiction, Yearwood bears the burden of demonstrating that removal is proper. *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Yearwood failed to meet her burden of demonstrating that removal is proper. Plaintiff's Complaint alleges one claim for unlawful detainer under state law. Although Yearwood alleges in her Notice of Removal that the claim arises under federal law, "[a]n unlawful detainer action does

not raise a question arising under federal law and so, once removed, must be remanded for lack of jurisdiction." *Cooper v. Washington Mut. Bank*, 2003 WL 1563999, *2 (N.D. Cal. Mar. 19, 2003) (internal citation omitted); *see also Wescom Credit Union v. Dudley*, 2010 WL 4916578 (Nov. 22, 2010) (remanding unlawful detainer action and holding that the Protecting Tenants at Foreclosure Act did not convert an unlawful detainer claim into a claim under federal law or otherwise create federal questions jurisdiction to support the removal of an unlawful detainer action). Accordingly, there is no federal question jurisdiction presented by Plaintiff's action.

For the foregoing reasons, this Court lacks subject matter jurisdiction over this action. Accordingly, this action is **REMANDED** to Los Angeles Superior Court for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c).

IT IS SO ORDERED.